UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER GILLASPY,

                              NO. CIV. S-10-2753 LKK/EFB

        Plaintiff,

    v.

COUNTY OF SACRAMENTO;
DOES 1 through 100, inclusive,

        Defendants.

_____/

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

    READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

    Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on January 18, 2011.  Manolo H. Olaso appeared as counsel for plaintiff; Robert L. Chalfant

1

appeared as counsel for defendants.  After hearing, the court makes
the following findings and orders:

**SERVICE OF PROCESS**

Service upon the Doe deputies shall be accomplished within
ninety (90) days from the effective date of this order, or the
complaint will be dismissed as to the then unserved defendant(s)
unless the court specifically orders otherwise.

**JOINDER OF PARTIES/AMENDMENTS**

Except as noted above, no further joinder of parties or
amendments to pleadings is permitted except with leave of court,
good cause having been shown.  See Johnson v. Mammoth Recreations,
Inc., 975 F.2d 604 (9th Cir. 1992).

**JURISDICTION/VENUE**

Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343, 1367
is undisputed and is hereby found to be proper, as is venue.

**FICTITIOUSLY-NAMED DEFENDANTS**

Except for two (2) Does, this action, including any
counterclaims, cross-claims, and third-party complaints is hereby
DISMISSED as to all DOE or other fictitiously-named defendants.

**MOTION HEARING SCHEDULES**

All law and motion except as to discovery is left open, save
and except that it shall be conducted so as to be completed by
March 18, 2012.  The word "completed" in this context means that
all law and motion matters must be **heard** by the above date.
Because this date is not necessarily a date previously set aside
for law and motion hearings, it is incumbent upon counsel to

1  contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,
2  sufficiently in advance so as to ascertain the dates upon which law
3  and motion will be heard and to properly notice its motion for
4  hearing before that date.  Counsel are cautioned to refer to Local
5  Rule 230 regarding the requirements for noticing such motions on
6  the court's regularly scheduled law and motion calendar.
7  **Opposition or statement of non-opposition to all motions shall be**
8  **filed not later than 4:30 p.m. fourteen (14) days preceding the**
9  **hearing date, or by proof of service by mail not less than**
10 **seventeen (17) days preceding the hearing date.**  This paragraph
11 does not preclude motions for continuances, temporary restraining
12 orders or other emergency applications, and is subject to any
13 special scheduling set forth in the "MISCELLANEOUS PROVISIONS"
14 paragraph below.

15     At the time of filing a motion, opposition, or reply, counsel
16 are directed to email a copy in word processing format to lkk-
17 pleadings@caed.uscourts.gov.

18     The parties should keep in mind that the purpose of law and
19 motion is to narrow and refine the legal issues raised by the case,
20 and to dispose of by pretrial motion those issues that are
21 susceptible to resolution without trial.  To accomplish that
22 purpose, the parties need to identify and fully research the issues
23 presented by the case, and then examine those issues in light of
24 the evidence gleaned through discovery.  If it appears to counsel
25 after examining the legal issues and facts that an issue can be
26 resolved by pretrial motion, counsel are to file the appropriate

1  motion by the law and motion cutoff set forth <u>supra</u>.

2  **Unless prior permission has been granted, memoranda of law in**
3  **support of and in opposition to motions are limited to thirty (30)**
4  **pages, and reply memoranda are limited to fifteen (15) pages.  The**
5  **parties are also cautioned against filing multiple briefs to**
6  **circumvent this rule.**

7  Where the parties bring motions for summary judgment, the
8  court will deem facts which are apparently undisputed as undisputed
9  under Fed. R. Civ. P. 56(d), unless specifically reserved and that
10  party tenders evidence to support the reservation.

11  ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
12  MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE
13  VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.  COUNSEL ARE CAUTIONED
14  THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT
15  BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND
16  MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,
17  SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO
18  TIMELY FILE AN APPROPRIATE MOTION.

19  Counsel are further reminded that motions in limine are
20  procedural devices designed to address the admissibility of
21  evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
22  DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS
23  IN LIMINE  AT THE TIME OF TRIAL.

24  **DISCOVERY**

25  No modifications of the discovery requirements found in the
26  Federal Rules is ordered.

4

1   All discovery is left open, save and except that it shall be

2   so conducted as to be completed by January 18, 2012.  The word

3   "completed" means that all discovery shall have been conducted so

4   that all depositions have been taken and any disputes relative to

5   discovery shall have been resolved by appropriate order if

6   necessary and, where discovery has been ordered, the order has been

7   complied with.  Motions to compel discovery must be noticed on the

8   magistrate judge's calendar in accordance with the local rules of

9   this court and so that such motions will be heard not later than

10  December 18, 2011.  In this regard, all counsel are to designate in

11  writing and file with the court and serve upon all other parties a

12  final list of the names of all experts that they propose to tender

13  at trial not later than sixty (60) days before the close of

14  discovery herein established.  At the time of designation, all

15  experts shall submit a written report.  The contents of the report

16  must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).  All

17  experts so designated are to be fully prepared to render an

18  informed opinion at the time of designation so that they may fully

19  participate in any deposition taken by the opposing party.  Experts

20  will not be permitted to testify at the trial as to any information

21  gathered or evaluated, or opinion formed, after deposition taken

22  subsequent to designation.

23  An expert witness not appearing on said lists will not be

24  permitted to testify unless the party offering the witness

25  demonstrates:  (a) that the necessity of the witness could not have

26  been reasonably anticipated at the time the lists were exchanged;

1  (b) the court and opposing counsel were promptly notified upon
2  discovery of the witness; and (c) that the witness was promptly
3  proffered for deposition.

4  **MID-LITIGATION STATEMENTS**

5  Not later than fourteen (14) days prior to the close of
6  discovery, all parties shall file with the court and serve on all
7  other parties a brief statement summarizing all law and motion
8  practice heard by the court as of the date of the filing of the
9  statement, whether the court has disposed of the motion at the time
10  the statement is filed and served, and the likelihood that any
11  further motions will be noticed prior to the close of law and
12  motion. The filing of this statement shall not relieve the parties
13  or counsel of their obligation to timely notice all appropriate
14  motions as set forth above.

15  **FINAL PRETRIAL CONFERENCE**

16  The Final Pretrial Conference is **SET** for June 18, 2012, at
17  1:30 p.m. Counsel are cautioned that counsel appearing for
18  Pretrial will in fact try the matter.

19  Counsel for all parties are to be fully prepared for trial at
20  the time of the Pretrial Conference, with no matters remaining to
21  be accomplished except production of witnesses for oral testimony.
22  Counsel are referred to Local Rules 280 and 281 relating to the
23  contents of and time for filing Pretrial Statements. In addition
24  to those subjects listed in Local Rule 281(b), the parties are to
25  provide the court with a plain, concise statement which identifies
26  every non-discovery motion tendered to the court, and its

1  resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL

2  BE GROUNDS FOR SANCTIONS.

3       The parties shall file Separate Pretrial Statements, the

4  contents and timing of which are set forth in Local Rule 281,

5  except that the parties are to prepare a JOINT STATEMENT with

6  respect to the undisputed facts and disputed factual issues of the

7  case.  See Local Rule 281(b)(3), (4), and (6).  The parties are

8  reminded to include in their joint statement all disputed and

9  undisputed special factual information as required by Local Rule

10 281(b)(6).

11      The undisputed facts and disputed factual issues are to be set

12 forth in two separate sections.  In each section, the parties

13 should identify first the general facts relevant to all causes of

14 action.  After identifying the general facts, the parties should

15 then identify those facts which are relevant to each separate cause

16 of action.  In this regard, the parties are to number each

17 individual fact or factual issue.  Where the parties are unable to

18 agree as to what factual issues are properly before the court for

19 trial, they should nevertheless list in the section on "DISPUTED

20 FACTUAL ISSUES" all issues asserted by any of the parties and

21 explain by parenthetical the controversy concerning each issue.

22 Each individual disputed fact or factual issue shall include the

23 following introductory language:  "Whether or not . . . ."  The

24 parties should keep in mind that, in general, each fact should

25 relate or correspond to an element of the relevant cause of action.

26 Notwithstanding the provisions of Local Rule 281, the Joint

1  Statement of Undisputed Facts and Disputed Factual Issues is to be
2  filed with the court concurrently with the filing of plaintiff's
3  Pretrial Statement.  If the case is tried to a jury, the undisputed
4  facts will be read to the jury.

5       Pursuant to Local Rule 281(b)(10) and (11), the parties are
6  required to provide in their Pretrial Statements a list of
7  witnesses and exhibits that they propose to proffer at trial, no
8  matter for what purpose.  These lists shall <u>not</u> be contained in the
9  Pretrial Statement itself, but shall be attached as separate
10 documents to be used as addenda to the Final Pretrial Order.
11 Plaintiff's exhibits shall be listed **numerically**; defendant's
12 exhibits shall be listed **alphabetically**.  In the event that the
13 alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,
14 3A-3Z, etc."  The Pretrial Order will contain a stringent standard
15 for the proffering of witnesses and exhibits at trial not listed in
16 the Pretrial Order.  Counsel are cautioned that the standard will
17 be strictly applied.  On the other hand, the listing of exhibits or
18 witnesses which counsel do not intend to call or use will be viewed
19 as an abuse of the court's processes.

20      Pursuant to Local Rule 281(b)(12), a party is required to
21 provide a list of all answers to interrogatories and responses to
22 requests for admission that the party expects to offer at trial.
23 This list should include only those documents or portions thereof
24 which the party expects to offer in its case-in-chief.  Unless
25 otherwise barred by a rule of evidence or order of this court, the
26 parties remain free to tender appropriate discovery documents

1  during trial for such purposes as, but not limited to, impeachment

2  or memory refreshment.

3      Pursuant to Local Rule 281(b)(8), the parties' Pretrial

4  Statements shall contain a "statement of legal theory, etc." Each

5  party shall commence this section by specifying as to each claim

6  whether federal or state law governs, and if state law, the state

7  whose law is applicable.

8      Counsel are also reminded that, pursuant to Fed. R. Civ. P.

9  16, it will be their duty at the Pretrial Conference to aid the

10 court in (a) formulation and simplification of issues and the

11 elimination of frivolous claims or defenses; (b) settling of facts

12 which should be properly admitted; and (c) the avoidance of

13 unnecessary proof and cumulative evidence. Counsel must prepare

14 their Pretrial Statements, and participate in good faith at the

15 Pretrial Conference, with these aims in mind. A FAILURE TO DO SO

16 MAY RESULT IN THE IMPOSITION of SANCTIONS which may include

17 monetary sanctions, orders precluding proof, eliminations of claims

18 or defenses, or such other sanctions as the court deems

19 appropriate.

20      **TRIAL SETTING**

21      Trial is **SET** for September 18, 2012, at 10:30 a.m. Trial will

22 be by jury. The parties represent in good faith that the trial

23 will take approximately five (5) days.

24      **SETTLEMENT CONFERENCE**

25      A Settlement Conference will be set before a judge other than

26 the trial judge at the time of the Pretrial Conference.

1   Counsel are cautioned to have a principal capable of
2   disposition present at the Settlement Conference or to be fully
3   authorized to settle the matter on any terms and at the Settlement
4   Conference.

5   **MISCELLANEOUS PROVISIONS**

6   The parties are reminded that pursuant to Fed. R. Civ. P.
7   16(b), the Status (pretrial scheduling) Order **shall not be modified**
8   **except by leave of court upon a showing of good cause.** Counsel are
9   cautioned that changes to any of the scheduled dates will
10  necessarily result in changes to all other dates. Thus, even where
11  good cause has been shown, the court will not grant a request to
12  change the discovery cutoff date without modifying the pretrial and
13  trial dates.

14  **Agreement by the parties pursuant to stipulation does not**
15  **constitute good cause. Nor does the unavailability of witnesses or**
16  **counsel, except in extraordinary circumstances, constitute good**
17  **cause.**

18  The parties are reminded of their continuing obligation to
19  supplement their statements relative to the identification of
20  parent corporations and any publicly held company that owns 10% or
21  more of the party's stock within a reasonable time of any change in
22  the information.

23  The parties are admonished that they are not to cite or refer
24  to any of the quotations inscribed in the pavers on the front plaza
25  of the United States Courthouse in any written or oral presentation
26  to the court or a jury.

10

1      There appear to be no other matters presently pending before

2 the court that will aid the just and expeditious disposition of

3 this matter.

4      IT IS SO ORDERED.

5      DATED:  January 21, 2011.

6

7

8                            LAWRENCE K. KARLTON

9                            SENIOR JUDGE
                              UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26